## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHELBY PATRICK,** | : | **Case No. 1:21-cv-00099** |
| | : | |
| **AND** | : | **Judge** |
| | : | |
| **JORDAN VANCE,** | : | |
| | : | |
| **PLAINTIFFS,** | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| **V.** | : | |
| | : | |
| **BENHASE HOLDINGS, LLC** | : | |
| | : | |
| **DEFENDANT.** | : | |
| | : | |

Come now Plaintiffs, by and through counsel, and for their Complaint against Defendant allege as follows:

1. Defendant owns and operates approximately 10 Dunkin' Donuts stores in the greater Cincinnati area.

2. Plaintiff Shelby Patrick is a female, and was employed by Defendant for approximately two years, from December 2018 until December 3, 2020.

3. Shelby held the position of Assistant Manager for Defendant for approximately the last year and a half of her employment.

4. Shelby worked primarily at Defendant's North Bend Rd. location, but also worked at its Price Hill and Delhi stores.

5. Plaintiff Jordan Vance, also female, is likewise a former employee of Defendant.

6. Jordan's employment with Defendant ended in October 2020, when she resigned.

7. During approximately the last year of her employment, Jordan served as Assistant Manager of Defendant's North Bend Rd. store.

8.  Both Shelby and Jordan are only in their 20s.

9.  Prior to their employment with Defendant neither of them had ever experienced sexual harassment in their workplaces, and thus were particularly vulnerable to the actions of a predatory male boss in a position of power.

10. One of Plaintiff's supervisors during their employment with Defendant was Rob Dearwester.

11. Dearwester held the position of Regional Manager for Defendant, and he had the power and authority to discipline and/or discharge employees like Shelby and Jordan.

12. Dearwester was a regular presence in the stores where Shelby and Jordan worked.

13. Defendant never gave Shelby or Jordan an employee handbook, or any other document containing a sexual harassment policy.

14. Shelby worked under Dearwester for her entire employment with Defendant. Jordan worked under him for approximately the last year of her employment.

15. Dearwester made unwelcome, offensive, and inappropriate comments of a sexual nature to Shelby nearly every day for almost two years.

16. Dearwester also put his hands on Shelby, without her consent, over 20 times during that period, including frequently touching her buttocks and other personal areas.

17. Shelby was also touched inappropriately and without her consent by another of her supervisors, North Bend store manager Nick Frey, on two occasions at work.

18. Dearwester made inappropriate, offensive, and unwelcome comments of a sexual nature to Jordan every single day that she worked under him for the last year of her employment with Defendant, including frequent comments about her body.

2

19. Dearwester also made unwanted physical contact with Jordan on at least a dozen occasions, purposely rubbing up against her, brushing against her, and otherwise touching her without her consent.

20. Dearwester treated numerous other young female employees the same way, and Defendant's ownership was aware of his harassing activities.

21. The aforesaid conduct made Shelby and Jordan feel extremely uncomfortable, created an intimidating and hostile work environment for them, and interfered with their work performance.

22. Jordan ultimately resigned, in October 2020, in part because of the sexual harassment she had experienced continually over the previous year.

23. In late October or early November 2020, Shelby suffered two particularly humiliating incidents of physical harassment from Dearwester at the North Bend store.

24. Having endured this harassment for over a year and a half, Shelby at that point could take no more.

25. She reported the harassment to one of Defendant's owners, and obtained legal counsel.

26. On November 30, 2020, Shelby filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") describing the sexual harassment she had experienced.

27. After Shelby courageously stood up to the harassment she had long endured, Defendant began a campaign of retaliatory harassment and intimidation toward her.

28. Prior to Defendant being put on notice of her opposition to Dearwester's harassment, Defendant had never issued any reprimands or disciplinary warnings to Shelby for any aspect of her job performance.

3

29. After she began opposing the harassment she had been forced to endure, however, Defendant started issuing a series of unwarranted reprimands to Shelby, and engaged in various acts of intimidation toward her at work.

30. On December 2, 2020, Shelby's attorney emailed to Defendant's legal counsel a copy of the EEOC charge she had filed on November 30, 2020.

31. The next day, December 3, 2020, Defendant fired Shelby.

32. Defendant's harassment and discharge of Shelby were not objectively justified, and were in fact undertaken in bare-knuckled retaliation for her protected activities of reporting sexual harassment and filing an EEOC Charge against it.

33. Both Shelby and Jordan have filed Charges of Discrimination with the EEOC, and both have received a Notice of Right to Sue with respect to said Charges.

## FIRST CAUSE OF ACTION

34. Plaintiffs re-aver their previous allegations and further allege that the severe and pervasive sexual harassment they experienced during their employment constituted a violation by Defendant of Title VII of the Civil Rights Act of 1964 and ORC sections 4112.02 and 4112.99.

35. As a direct and proximate result of Defendant's violation of their rights, Plaintiffs have suffered damages in the form of the physical violation of their persons, mental anguish, emotional distress, intimidation, fear, anxiety, humiliation, embarrassment, and other psychological harm.

36. Additionally, Plaintiff Jordan Vance was constructively discharged from her employment as a result of the harassment, causing her lost wages.

37. Defendant's unlawful actions, as hereinbefore described, were intentional, reckless, and malicious, and exhibited a conscious disregard for Plaintiffs' rights that had a great probability of causing substantial harm.

### SECOND CAUSE OF ACTION

38. Plaintiffs re-aver their previous allegations and further allege that Plaintiff Shelby Patrick was subjected to severe and pervasive harassment by Defendant in retaliation for her protected activities of opposing sexual harassment and filing a Charge with the EEOC.

39. Defendant also terminated Shelby's employment in retaliation for her protected activity.

40. Defendant's retaliatory actions violated Title VII of the Civil Rights Act of 1964 and ORC sections 4112.02 and 4112.99.

41. Defendant's unlawful actions were intentional, reckless, and malicious, and exhibited a conscious disregard for Shelby's rights that had a great probability of causing substantial harm.

Wherefore, Plaintiffs hereby demand judgment against Defendant as follows:

1. For an award of damages for any and all lost pay and benefits they suffered as a result of the loss of their employment with Defendant;

2. For an award of damages to compensate them for the mental anguish, emotional distress, humiliation, embarrassment, fear, anxiety, and other forms of non-economic harm they suffered as a result of Defendant's unlawful actions;

3. For an award of punitive damages to deter Defendant and others from similar unlawful conduct in the future;

4. For the recovery of their attorney's fees and costs incurred in the prosecution of this action;

5. For all other and further relief to which they may be entitled.

/s/ *Stephen E. Imm*

_____

Stephen E. Imm (0040068)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ *Stephen E. Imm*

_____

Stephen E. Imm (0040068)